**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JHAJUAN RUSSAW, | : | Civil No. 1:26-CV-01901 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| C.O. DROST, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is a complaint filed by JhaJuan Russaw ("Plaintiff"), an inmate currently housed at the State Correctional Institution in Huntingdon, Pennsylvania ("SCI-Huntingdon). (Doc. 1.) Plaintiff also filed a motion to proceed *in forma pauperis* and a motion for a preliminary injunction and temporary restraining order. (Docs. 4, 6.) The court will grant the motion to proceed *in forma pauperis*, screen the complaint pursuant to 28 U.S.C. § 1915(e), dismiss the complaint, and dismiss the motion for a preliminary injunction and temporary restraining order.

### BACKGROUND AND PROCEDURAL HISTORY

The court received and docketed Plaintiff's complaint naming thirty-eight defendants on July 7, 2026. (Doc. 1.) The complaint lists general allegations of "overcrowded, unsafe or extremely harsh conditions," "[a] pattern of guard brutality or harassment," inadequate medical care, and "continuing violation of any

1

of my rights." (Doc. 1, p. 2.)[1]  However, in the alleged facts, Plaintiff only names

five individual defendants and refers to verbal threats to kill him. (*Id.*, pp. 3–4.)

On July 8, 2026, the court issued an administrative order directing Plaintiff

to pay the filing fee or file an application to proceed *in forma pauperis*. (Doc. 3.)

On July 9, 2026, the court received and docketed Plaintiff's motion for a

preliminary injunction and temporary restraining order generally alleging inhuman

conditions of confinement and stating the following:

> Prisoners are guaranteed human rights under many sources of international law, including the 1948 Universal Declaration of Human Rights (UDHR) which guarantees that "no one shall be subjected to torture or to cruel, inhuman or degrading treatment or punishment. "Under Color of State Law" Negligence claim 4 types Duty, Breach, Causation, and Damages Intentional infliction of Emotional Distress or IIED. this tort arises when someone purposefully does something outrageous that makes you feel very upset. I have proof do to a pattern of strong harassment I have been under pressure and the grievance system does not a thing but five them more time my mail to no I have name, time, date.

(Doc. 4.)

On July 28, 2026, the court received and docketed Plaintiff's motion for

leave to proceed *in forma pauperis* and his prisoner trust fund account statement.

(Docs. 6, 7.)

---

[1] For ease of reference, the court uses the page numbers in the CM/ECF header.

The court will grant the motion to proceed *in forma pauperis*, screen the complaint, and address the pending motion for a preliminary injunction and temporary restraining order.

### JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States.  Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred at SCI-Huntingdon in Cumberland County, Pennsylvania, which is located in this district.  *See* 28 U.S.C. § 118(b).

### STANDARD

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted[.]"  The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915 is identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions to dismiss.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109–10 & n.11 (3d Cir. 2002).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Under Rule 12(b)(6), the court must accept all well pleaded allegations as true and construe all reasonable inferences in favor of the nonmoving party.  *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020).  The pleadings of self-represented plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d. Cir. 2011).  Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile.  *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

## DISCUSSION

### A. Plaintiff's Complaint Will Be Dismissed Without Prejudice.

Plaintiff's complaint does not plead sufficient factual content to allow the court to draw any reasonable inference that any of the thirty-eight defendants are liable for any cause of action.

4

To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements.  He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  It is also well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved."  *See Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007).

In the complaint, Plaintiff does not allege any misconduct besides verbal threats and only names five of the thirty-eight defendants in the body of the complaint.  (Doc. 1.)  It is well-settled that the use of words, no matter how violent, is not actionable under 42 U.S.C. § 1983.  *See Marten v. Hunt*, 479 Fed.Appx. 436 (3d Cir. 2012); *Lewis v. Wetzel*, 153 F.Supp.3d 678 (M.D. Pa. 2015); *see also Harris v. Ferguson*, 3:16-cv-1965, 2017 WL 3611752, at *4-5 (M.D. Pa. Aug. 22, 2017) (granting summary judgment to defendants on § 1983 claims regarding verbal sexual harassment because the record did not show that plaintiff suffered injury or damage); *Maclean v. Secor*, 876 F. Supp. 695, 698-99 (E.D. Pa. 1995) ("It is well established that verbal harassment or threats will not ... without some reinforcing act accompanying them, state a constitutional claim.").   As such,

Plaintiff has not alleged personal involvement in actionable conduct on the part of the thirty-eight defendants named in the complaint, and the court will dismiss the complaint without prejudice to Plaintiff timely filing an amended complaint curing these pleading defects.

## B. Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order Will Be Denied.

Next, the court will address the pending motion for a preliminary injunction and temporary restraining order.  (Doc. 4.)

Federal Rule of Civil Procedure 65 governs temporary restraining orders and preliminary injunctions.  Motions for temporary restraining orders and preliminary injunctions are judged against exacting legal standards.  Preliminary injunctive relief "is not granted as a matter of right." *Kershner v. Mazurkiewicz*, 670 F. 2d 440, 443 (3d Cir. 1982).  Rather, it "is an 'extraordinary remedy.'" *Doe by & through Doe v. Boyertown Area Sch. Dist.*, 897 F.3d 518, 526 (3d Cir. 2018) (quoting *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)).  A motion for such is properly granted only if such relief is the "only way of protecting the plaintiff from harm." *Instant Air Freight Co. v. C.F. Air. Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989).  "It has been well stated that upon an application for a preliminary injunction to doubt is to deny." *Madison Square Garden Corp. v. Braddock*, 90 F.2d 924, 927 (3d Cir. 1937).

6

"When evaluating a motion for preliminary injunctive relief, a court considers four factors: (1) has the moving party established a reasonable likelihood of success on the merits (which need not be more likely than not); (2) is the movant more likely than not to suffer irreparable harm in the absence of preliminary relief; (3) does the balance of equities tip in its favor; and (4) is an injunction in the public interest?" *Fulton v. City of Philadelphia*, 922 F.3d 140, 152 (3d Cir. 2019) *reversed on other grounds by* 141 S. Ct. 1868 (U.S. 2021). "The first two factors are prerequisites for a movant to prevail." *Holland v. Rosen*, 895 F.3d 272, 286 (3d Cir. 2018). "If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017).

As the first two factors are necessary for a preliminary injunction "suggest, there must be a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Ball v. Famiglio*, 396 F. App'x 836, 837 (3d Cir. 2010) (internal quotation marks omitted) (quoting *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). Thus, it is inappropriate to grant a motion for a preliminary injunction when the relief requested in the motion is unrelated to the allegations in the complaint. *Id*. at 838; *see also Moneyham v. Ebbert*, 723 F.

App'x 89, 92 (3d Cir. 2018) (holding that the District Court correctly denied a "requested injunction because it involved allegations unrelated to the complaint").

Here, because the court is dismissing the complaint for failing to state a claim for which relief may be granted, the court will dismiss the motion for a preliminary injunction and temporary restating order because there is no operative complaint in the matter.

## CONCLUSION

For the above-stated reasons, the court will grant the pending application to proceed *in forma pauperis*, dismiss the complaint, and deny the motion for a preliminary injunction and a temporary restraining order.  Plaintiff will be granted leave to file an amended complaint curing the pleading defects set forth above. Any amended complaint will be titled "Amended Complaint" and filed in the same case as numbered above.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: July 30, 2026