**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JHAJUAN RUSSAW, | : | Civil No. 1:26-CV-01901 |
| Plaintiff, | : | |
| v. | : | |
| C.O. DROST, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

# MEMORANDUM

Before the court is an amended complaint and several additional filings by JhaJuan Russaw ("Plaintiff"), an inmate currently housed at the State Correctional Institution in Huntingdon, Pennsylvania ("SCI-Huntingdon). (Docs. 11–25.) The court will screen the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and dismiss twenty of the sixty-one defendants named in the amended complaint. The court will serve the amended complaint on the forty-one remaining defendants.

## BACKGROUND AND PROCEDURAL HISTORY

The court received and docketed Plaintiff's initial complaint naming thirty-eight defendants on July 7, 2026. (Doc. 1.) The complaint listed general allegations of "overcrowded, unsafe or extremely harsh conditions," "[a] pattern of guard brutality or harassment," inadequate medical care, and "continuing violation

of any of my rights." (Doc. 1, p. 2.)[1] However, in the alleged facts, Plaintiff only named five individual defendants and only specifically referred to verbal threats to kill him. (*Id.*, pp. 3–4.)

On July 8, 2026, the court issued an administrative order directing Plaintiff to pay the filing fee or file an application to proceed *in forma pauperis*. (Doc. 3.) On July 9, 2026, the court received and docketed Plaintiff's motion for a preliminary injunction and temporary restraining order generally alleging inhuman conditions of confinement. (Doc. 4.) On July 28, 2026, the court received and docketed Plaintiff's motion for leave to proceed *in forma pauperis* and his prisoner trust fund account statement. (Docs. 6, 7.)

On July 30, 2026, the court granted Plaintiff's motion to proceed *in forma pauperis*, dismissed the complaint with leave to file an amended complaint, and dismissed the motion for a preliminary injunction and temporary restraining order. (Docs. 9, 10.) The court found that Plaintiff had failed to allege the personal involvement of all but five defendants and dismissed the claims against the five named defendants because verbal threats alone did not rise to the level of a constitutional violation. (Doc. 9.)

On August 3, 2026 and August 4, 2026, the court received and docketed a series of documents that, if read together, can be construed as an amended

---

[1] For ease of reference, the court uses the page numbers in the CM/ECF header.

complaint. (Docs. 11–15.) This amended complaint names sixty-one defendants. (Doc. 11, p. 3.) The alleged facts, written in very loose syntax, is an attempt by Plaintiff to set forth details regarding a series of actions by various employees of the Department of Corrections ("DOC") that he believes rises to a violation of his constitutional rights. (Doc. 15.) These actions include multiple denials of shower and yard time, interception of his mail, repeated molestation of his food tray, repeated threats to his life, use of excessive force, and denial of medical care. (Doc. 15.) Plaintiff alleges that these actions represent a conspiracy to retaliate against him for his filing of grievances. (Doc. 15.) In the alleged facts, Plaintiff specifically identifies forty-one individuals. (Doc. 15.) Otherwise, he uses general terms, such as "they" or "the C.O.'s." (Doc. 15.)

On August 17, 2026, the court received and docketed a letter and a supplemental complaint from Plaintiff. (Docs. 16, 17.) These filings allege further instances of abuse, but do not identify the alleged culprits of the abuse. In one of these filings, Plaintiff makes a request for an attorney. (Doc. 17, p. 2.) On September 8, 2026 and September 9, 2026, the court received and docketed additional letters from Plaintiff detailing alleged abuses, but again not identifying those executing the abuse. (Docs. 18, 19, 20.) Plaintiff has continued to file five additional documents in an apparent attempt to make a record of the alleged abuse, but without an attempt to further amend his complaint. (Docs. 21, 22, 23, 24, 25.)

Here, the court will limit the amended complaint to the filings of August 3, 2026 and August 4, 2026 to be read in combination as a single document. (Docs. 11–15.) The subsequent filings in August through October of 2026 do not identify individual actors and will not be considered supplements to the complaint. (Docs. 16–25.)

## JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States. Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred at SCI-Huntingdon in Cumberland County, Pennsylvania, which is located in this district. *See* 28 U.S.C. § 118(b).

## STANDARD

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted[.]" The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915 is identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions to dismiss. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109–10 & n.11 (3d Cir. 2002).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Bell Atlantic Corp.*, 550 U.S. at 556).

Under Rule 12(b)(6), the court must accept all well pleaded allegations as true and construe all reasonable inferences in favor of the nonmoving party. *Doe v. Univ. of Scis.*, 961 F.3d 203, 208 (3d Cir. 2020). The pleadings of self-represented plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011), *as amended* (Sept. 19, 2011). Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

## DISCUSSION

**A. Claims Will Be Dismissed Against Twenty Defendants.**

While Plaintiff included the names of forty-one defendants in his amended complaint, the following twenty other defendants were identified in the header and not named in the statement of facts: (1) W. House; (2) A. Wakefield; (3) A. Eberling; (4) K. Grossmyer; (5) M. Lykens; (6) the whole security team; (7) T. Conway; (8) M. Fultz; (9) L. Cressman; (10) C.O. Frank; (11) C.O. Lalli; (12) C.O. Macintire; (13) C.O. M.A. Morgen; (14) C.O. Tress; (15) C.O. Henry; (16) C.O. E.R. Gains; (17) C.O. Conway; (18) C.O. Cook; (19) C.O. Deline; and (20) C.O. Airlteart. (Doc. 11, p. 3; Doc. 15.)

To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is also well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *See Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) (internal citations omitted).

Without alleging any personal involvement on the part of these twenty defendants, the court must dismiss all claims raised against them. Plaintiff was made aware of the personal involvement requirement in the dismissal of his original complaint. (Doc. 16.) Therefore, the court will not grant Plaintiff leave to amend his complaint as discussed in *Phillips*, 515 F.3d at 245. Instead, Plaintiff can seek to amend his complaint pursuant to Fed. R. Civ. P. 15 and Local Rule 15.1 if he deems an amendment is necessary.

**B. Plaintiff's Request for Counsel Will Be Denied.**

In one of his post-amended complaint filings, Plaintiff requests the appointment of counsel. (Doc. 17, p. 2.)

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, the court has discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see Houser v. Folino*, 927 F.3d 693, 697 (3d Cir. 2019). The appointment of counsel is a privilege, not a statutory or constitutional right. *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances after a finding that the plaintiff's case has arguable merit in fact and law. *Tabron*, 6 F.3d at 155. If the court finds that the plaintiff has crossed this

threshold inquiry, the court should consider the following factors in deciding whether to request a lawyer to represent an indigent plaintiff:

(1) the plaintiff's ability to present his or her own case;
(2) the complexity of the legal issues;
(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
(4) the plaintiff's ability to retain counsel on his or her own behalf;
(5) the extent to which a case is likely to turn on credibility determinations, and;
(6) whether the case will require the testimony of expert witnesses.

*Tabron*, 6 F.3d at 155–57. This list of factors is non-exhaustive, and no single factor is determinative. *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (citing *Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1997)). Instead, these factors serve as guideposts for the district courts to ensure that the precious commodity of volunteer attorney time is not "wasted on frivolous cases." *Id.*

Plaintiff's request for counsel does not address any of the factors set forth above. Instead, it appears that he assumes the appointment of counsel is a foregone conclusion: "Please appoint me a lawyer so I can prove my truth and watch how many other's step up and you see how many case's you get just about this jail. Look into the history but I'm going to have my lawyer to do that when you appoint one and this is my first time suing anyone I'm just scared for my life." (Doc. 17, p. 2.) Without some discussion of the factors set forth above, the court cannot determine if appointment of counsel is appropriate at this time. Therefore, Plaintiff's request for counsel will be denied without prejudice. If future

proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or pursuant to a properly filed motion.

## CONCLUSION

For the above-stated reasons, the court will dismiss the claims raised against twenty of the sixty-one defendants named in this action. The court will serve the complaint (Docs. 11–15) on the remaining forty-one defendants. The court will deny Plaintiff's request for appointment of counsel.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: October 26, 2026